**Office of Disciplinary Counsel v. Hickey**

WRIGHT, *Member,* November 3, 2006—Pursuant to the order of the Supreme Court of Pennsylvania dated February 27, 2006, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned matter.

## I. HISTORY OF PROCEEDINGS

On October 17, 2005, Office of Disciplinary Counsel filed a petition for adjudication of contempt with the

Supreme Court of Pennsylvania. The petition alleged that respondent, James A. Hickey, a formerly admitted attorney having been suspended for six months by order of the Supreme Court dated December 13, 2004, had engaged in the practice of law while under suspension. The petition further alleged that respondent failed to comply with the requirements of Pennsylvania Rule of Disciplinary Enforcement 217 and failed to pay the costs associated with the previous Supreme Court order of suspension.

On December 1, 2005, the Supreme Court issued a rule to show cause why respondent should not be held in contempt for willful violation of the court's December 13, 2004 order. Respondent failed to respond to the rule to show cause, so the rule was made absolute on February 27, 2006. The Supreme Court held that respondent was adjudicated in contempt for willful violation of the court's December 13, 2004 order. The court referred the matter to the Disciplinary Board for a hearing to recommend the appropriate sanction.

A sanction hearing was held on April 18, 2006 before a District IV Hearing Committee comprised of Chair David K. Harouse, Esquire, and Members Walter F. Wall, Esquire, and William F. Ward, Esquire. Respondent did not appear. Petitioner's sole witness was Brian Kline, investigator/auditor for Office of Disciplinary Counsel.

The Hearing Committee filed a report on July 21, 2006 and recommended that respondent be disbarred.

This matter was adjudicated by the Disciplinary Board at the meeting on September 20, 2006.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania 17101, is invested, pursuant to the Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent is James A. Hickey. He was born in 1942 and was admitted to the practice of law in the Commonwealth in 1972.

(3) Respondent is a formerly admitted attorney in the Commonwealth of Pennsylvania, having been suspended for six months by order of the Supreme Court dated December 13, 2004, effective January 12, 2005.

(4) Respondent's six-month suspension was based on his conviction for resisting arrest or other law enforcement and disorderly conduct. An additional aggravating factor was his conviction of disorderly conduct in connection with an incident at a Wal-Mart store.

(5) By letter dated December 14, 2004, to respondent, Elaine M. Bixler, secretary of the Disciplinary Board:

(a) informed him that the prothonotary forwarded to the Disciplinary Board a certified copy of an order of the court, dated December 13, 2004, by which he was suspended from the bar of the Commonwealth for a period

of six months, effective 30 days from the date of the order;

(b) forwarded to him a copy of the court's December 13, 2004 order; and,

(c) provided him with copies of applicable Disciplinary Board Rules, Pennsylvania Rules of Disciplinary Enforcement and various forms.

(6) By second letter dated December 14, 2004, and directed to respondent, Ms. Bixler notified respondent that the expenses of the investigation and processing of his disciplinary case in the amount of $654 were to be paid by him.

(7) On January 3, 2005, respondent was personally served by constable with a copy of the two letters dated December 14, 2004 from Ms. Bixler, an expenses incurred statement and the December 13, 2004 order entered by the Supreme Court.

(8) By letter addressed to respondent and dated February 15, 2005, the secretary of the Disciplinary Board, inter alia:

(a) referenced her letters to respondent dated December 14, 2004;

(b) reminded respondent that the Disciplinary Board had not received the verified statement required by Rule 217(e), Pa.R.D.E.;

(c) stated that the Disciplinary Board had also not received payment of the costs assessed by the Supreme Court;

(d) advised respondent that Disciplinary Board Rule §89.272 provides that the Disciplinary Board will not

entertain a petition for reinstatement filed before a formerly admitted attorney has paid in full any costs taxed by the Supreme Court;

(e) further advised respondent that reinstatement is not automatic and that his suspension continues until further order of court;

(f) advised respondent that after the termination of his suspension has expired, he must file a verified statement with the Disciplinary Board showing compliance with all of the terms and conditions of the order of suspension and of Rule 217, Pa.R.D.E.;

(g) finally, reminded respondent that if he was not subject to another order of suspension or disbarment or if formal disciplinary proceedings were not then pending, the Disciplinary Board would certify such fact to the Supreme Court so that an order might be entered reinstating him to active status, but if formal disciplinary proceedings were pending, respondent would be required to file a petition for reinstatement.

(9) The letter dated February 15, 2005 from the secretary of the board to respondent was sent to him at his last known address by certified and regular mail. The certified mail was signed for by respondent.

(10) Respondent did not file the required verified statement with the Disciplinary Board showing that the provisions of the order and the Rules of Disciplinary Enforcement were fully complied with.

(11) Respondent did not pay the costs owed to the Disciplinary Board.

(12) On September 8, 2005, respondent appeared at Magisterial District Judge Amy L. Nicols' office in Ti-

tusville, Crawford County, Pennsylvania, purporting to be the guardian of Sharon Burkett, the defendant in a matter filed against her by the Commonwealth of Pennsylvania. He requested a continuance of a hearing scheduled for September 15, 2005.

(13) Judge Nicols requested that respondent provide her with the court order appointing him as Ms. Burkett's guardian.

(14) Respondent did not provide any guardianship papers but represented that he was counsel for Ms. Burkett and showed Judge Nicols an expired Pennsylvania license card. Respondent told Judge Nicols he would send to her office via facsimile transmission a written request for a postponement in Ms. Burkett's case.

(15) By facsimile transmission dated September 12, 2005, on letterhead stating that respondent is an Attorney and Counselor at Law with an address in Emlenton, Pennsylvania, and a member of the Florida Bar, respondent sent to Magisterial District Judge Nicols a petition for continuance in Ms. Burkett's matter.

(16) Respondent stated in the petition for continuance that he is attorney for Ms. Burkett and signed the pleading as "Attorney for defendant." Similarly, respondent listed himself as Ms. Burkett's counsel of record and gave his Pennsylvania Attorney Identification Number on the face sheet of the petition for continuance.

(17) Respondent was suspended from the practice of law at the time he filed the petition for continuance.

(18) Respondent is no longer admitted to practice law in Florida as of October 11, 2004.

(19) Judge Nicols did not rule on the petition for continuance filed by respondent.

(20) Respondent was personally served with notice of the April 18, 2006 sanction hearing on March 31, 2006.

(21) Investigator Brian Kline of Office of Disciplinary Counsel informed respondent of the documents served on him. Mr. Kline was accompanied by respondent's probation officer.

(22) Respondent informed Investigator Kline that Office of Disciplinary Counsel had no jurisdiction over him and became agitated and aggressive toward Investigator Kline.

(23) Respondent pushed the papers away from himself as Investigator Kline gave them to him.

(24) Respondent's probation officer entered the room to calm respondent down.

(25) Respondent failed to appear at the April 18, 2006 sanction hearing.

(26) Respondent has a prior history of discipline.

(27) Respondent received an informal admonition on July 29, 2003, as a result of his failure to proceed with a client's case, failure to notify his client of changes in his address, and failure to communicate with the client. He further failed to return the unearned fee to his client after the client terminated the representation. Finally, respondent failed to satisfy the condition attached to the admonition that he repay $1,000 to the Lawyers Fund for Client Security.

(28) Respondent was suspended for six months by order of the Supreme Court dated December 13, 2004, which suspension is the subject of the instant contempt proceeding.

(29) Respondent was suspended for three years by order of the Supreme Court dated February 27, 2006. This suspension was based on respondent's conviction of the crimes of identity theft, tampering with records or identification, deceptive or fraudulent business practices and securing execution of documents by deception.

## III. DISCUSSION

The Supreme Court of Pennsylvania found respondent in contempt of the Supreme Court's order of December 13, 2004; this matter was referred to the Disciplinary Board; a sanction hearing was held on April 18, 2006. This matter is now ripe for adjudication by the Disciplinary Board.

Following respondent's suspension from the practice of law on December 13, 2004, effective 30 days after entry of the order, he failed to comply with the Rules of Disciplinary Enforcement requiring that he notify clients, the court and opposing attorneys of his suspension and consequent inability to practice law. Respondent failed to file a verified statement with the board demonstrating his compliance with the rules. Respondent failed to pay the costs related to the suspension proceeding. Respondent continued to hold himself out as a practicing attorney and engaged in the practice of law in Crawford County.

Respondent declined to participate in any fashion in the contempt proceeding brought against him by peti-

tioner. He did not respond to the rule to show cause issued by the Supreme Court and he failed to appear at the sanction hearing before the Hearing Committee, despite ample notice. At the time Investigator Kline from Office of Disciplinary Counsel effectuated personal service, respondent physically attempted to push the papers away from himself and announced that the Disciplinary Board had no jurisdiction over him. According to the investigator, respondent became agitated and aggressive, necessitating the intervention of respondent's probation officer, whom the investigator had the foresight to bring with him.

Respondent's criminal history is disturbing. Respondent was convicted by a jury of resisting arrest and disorderly conduct in 2002 and pleaded guilty to disorderly conduct in 2003. In 2004 respondent entered a plea of guilty to identity theft, tampering with records or identification, deceptive or fraudulent business practices and securing execution of documents by deception. These convictions ultimately led to respondent's professional discipline. Furthermore, in October 2004 respondent was charged with disorderly conduct and entered a plea of guilty to a summary offense of disorderly conduct in 2005. The board takes judicial notice of the fact that a disciplinary proceeding was brought against respondent based on this conviction and is currently before the board for adjudication.

The Hearing Committee recommended disbarring respondent, based on his course of action which includes refusing to acknowledge the authority of the Disciplinary Board and the Supreme Court and continuing to engage in a pattern of behavior that reflects an inability to man-

age his anger. The board concurs with the Committee's recommendation. The totality of the circumstances portray an individual who is unfit to practice law and represent members of the public in a professional manner. The past sanctions imposed on respondent have failed to elicit from him a recognition of the seriousness of his conduct and an effort to remedy the course and pattern of his behavior. While disbarment is the most serious sanction that may be imposed, the board is persuaded that it is the most appropriate sanction to address the egregiousness of respondent's misconduct.

## IV. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that the respondent, James A. Hickey, be disbarred from the practice of law.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member Baer did not participate in the adjudication.

## ORDER

And now, January 18, 2007, upon consideration of the reports and recommendations of the Disciplinary Board both dated November 3, 2006, it is hereby ordered that:

(a) at no. 34 D.B. 2006, respondent is disbarred from the bar of this Commonwealth and he shall comply with all the provisions of Rule 217, Pa.R.D.E., and

(b) at no. 188 D.B. 2005, the disciplinary charges are dismissed.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.